1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10   ARCHIE CRANFORD,                          Case No. 1:14-cv-00242-SKO (PC)

11          Plaintiff,                         ORDER DENYING MOTION FOR
                                               RECONSIDERATION AND SECOND
12      v.                                     MOTION FOR PRELIMINARY
                                               INJUNCTION
13   RICARDO PALOS, et al.,
                                               (Docs. 10 and 11)
14          Defendants.
                                               ORDER DISMISSING ACTION, WITHOUT
15                                             PREJUDICE, FOR FAILURE TO FILE
                                               SIGNED COMPLAINT IN COMPLIANCE
16                                             WITH COURT ORDER

17                                             (Doc. 4)

18   _____/

19   **I.      Motion for Preliminary Injunction and Motion for Reconsideration**

20          Plaintiff Archie Cranford, a civil detainee proceeding pro se and in forma pauperis, filed

21   this civil rights action pursuant to 42 U.S.C. § 1983 on February 24, 2014.  On April 14, 2014,

22   Plaintiff filed a second motion seeking a preliminary injunction, and on April 24, 2014, Plaintiff

23   filed a motion for reconsideration of the order denying his first motion for injunctive relief.

24          Turning first to Plaintiff's motion for reconsideration, the motion is wholly without merit

25   and it is denied, with prejudice.  Plaintiff identifies no legitimate grounds in support of his motion

26   for reconsideration, Fed. R. Civ. P. 60(b); Local Rule 230(j); *Marlyn Nutraceuticals, Inc. v. Mucos*

27   *Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), and Plaintiff's mere disagreement with

28   the Court's ruling does not entitle him to reconsideration, *U.S. v. Westlands Water Dist.*, 134

1   F.Supp.2d 1111, 1131 (E.D. Cal. 2001); *see also In re Pacific Far East Lines, Inc.*, 889 F.2d 242,

2   250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief where parties were confronted with

3   extraordinary circumstances but it does not provide a second chance for parties who made

4   deliberate choices).

5         With respect to Plaintiff's second motion for a preliminary injunction, the motion suffers

6   from the same deficiencies as the first motion. As Plaintiff was previously placed on notice, "[a]

7   preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural*

8   *Resources Defense Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A

9   plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,

10   that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

11   equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20

12   (citations omitted). An injunction may only be awarded upon a clear showing that Plaintiff is

13   entitled to relief and he has not made any such showing. Id. at 22 (citation omitted).

14   **II.     Failure to File Signed Complaint**

15         On February 26, 2014, the Court issued an order striking Plaintiff's unsigned complaint

16   and requiring Plaintiff to file a signed complaint within thirty days. More than thirty days have

17   passed and Plaintiff has not complied with the order. Plaintiff was warned that dismissal would

18   occur if he failed to obey the order.

19         A civil action may not proceed absent the submission of a signed complaint. Fed. R. Civ.

20   P. 3, 11(a); Local Rules 110, 131. Based on Plaintiff's failure to comply with the Court's order,

21   dismissal of this action is appropriate.[1] *In re Phenylpropanolamine (PPA) Products Liability*

22   *Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110.

23   _____

24   [1] The Court declines to provide an additional opportunity for compliance with the order for the following reasons. There is no actual prejudice to Plaintiff, as the dismissal is without prejudice to filling a new action; Plaintiff is in no danger of running afoul of the two-year statute of limitations for his claims, which arise from events in 2014; and

25   Plaintiff is proceeding in forma pauperis and did not pay the filing fee. 28 U.S.C. § 1915 (in forma pauperis statute); Cal. Civ. Proc. Code § 335.1 (two year statute of limitation for personal injury claims); *Jones v. Blanas*, 393 F.3d 918,

26   927 (2004) (state's statute of limitation for personal injury claims applies to section 1983 claims). Furthermore, in light of the fact that Plaintiff has, to date, filed forty-five actions in this district, he is well aware of the requirement

27   that he sign his filings and in light of the lack of any prejudice to Plaintiff in dismissing the action, there is no justification for the further expenditure of resources directed at securing compliance with the order, *in this action*.

28   Plaintiff may open a new case via the submission of a signed complaint and a signed in forma pauperis application, if he desire to pursue his claims.

1    **II.      Order**

2          Based on the foregoing, it is HEREBY ORDERED that:

3          1.      Plaintiff's motion for reconsideration is DENIED, with prejudice;

4          2.      Plaintiff's second motion for a preliminary injunction, filed on April 14, 2014, is

5                  DENIED; and

6          3.      This action is DISMISSED, without prejudice, for failure to file a signed

7                  complaint.

8

9
     IT IS SO ORDERED.
10

11     Dated:    **April 29, 2014**                        **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3